UNPUBLISHED ORDER

Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted March 23, 2006
Decided March 24, 2006

**Before**

Hon. THOMAS E. FAIRCHILD, *Circuit Judge*

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ANN CLAIRE WILLIAMS, *Circuit Judge*

No. 05-4019

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>    *Plaintiff-Appellee,*<br><br>  *v.*<br><br>JOSEPH H. POOLE,<br>    *Defendant-Appellant.* | Appeal from the United States District Court for the Western District of Wisconsin<br><br>No. 04-CR-77<br><br>Rudolph T. Randa,<br>*Chief Judge.*[*] |

## O R D E R

Joseph Poolepleaded guilty to conspiracy to commit bank robbery, 18 U.S.C. §§ 371, 2113(a), and was sentenced to the statutory maximum of 60 months in prison. His plea agreement provided that in exchange for his guilty plea on the conspiracy count, which encompassed offense conduct in Oregon, Washington, Oklahoma, and Wisconsin, the government would drop three substantive charges of bank robbery. Poole's conviction followed close on the heels of April 2005 convictions for armed bank robberies committed in Illinois and carrying a firearm during those robberies; he was sentenced to 272 months' imprisonment for those offenses. The district court in this case ordered that Poole's 60-month sentence run consecutively with the 272-month sentence. Poole filed a notice of appeal but his

---

[*]Chief Judge, United States District Court for the Eastern District of Wisconsin, sitting by designation.

appointed counsel submitted a motion to withdraw from the representation under *Anders v. California*, 386 U.S. 738 (1967), arguing that any appeal would be frivolous. We invited Poole to respond, Circuit Rule 51(b), but he has not done so. Since counsel's brief is facially adequate, we limit our review to the issues that it raises. *See United States v. Schuh*, 289 F.3d 968, 973–74 (7th Cir. 2002).

First counsel briefly explores whether Poole could argue that his guilty plea was not knowing and voluntary, but since Poole has not indicated that he wishes to withdraw his plea any consideration of the issue would be inappropriate. *See United States v. Knox*, 287 F.3d 667, 670–71 (7th Cir. 2002).

Counsel next questions whether Poole could challenge the district court's calculation of his guideline range. With a criminal history score of III and an offense level of 29, Poole's range as initially calculated was 108–135 months. This included a five-level upward adjustment for the fact that Poole conspired to commit multiple robberies, U.S.S.G. §§ 1B1.2(d), 3D1.4. In the district court Poole challenged the presentence report's (PSR's) recommendation of the adjustment, arguing that the court should not consider as offense conduct all nine bank robberies involved in the conspiracy. His argument, if accepted, would have lowered his guideline range to 63–78 months. But the district court rejected the contention and any appellate challenge to this decision would be frivolous. Since Poole's guideline range (either as initially calculated or as he would have liked it) exceeded the statutory maximum of 60 months, 18 U.S.C. § 371, the statutory maximum became the guidelines sentence. U.S.S.G. 5G1.1(a); *United States v. Dean*, 414 F.3d 725, 727 (7th Cir. 2005). Thus any error in imposing the adjustment would have had no impact on Poole's sentence. And regardless, in the district court he offered nothing more than a general objection to the PSR's detailed discussion of the offense conduct underlying the conspiracy charge. A bare objection without any supporting evidence is insufficient to undermine the district court's reliance on a PSR that otherwise contained sufficient indicia of reliability. *See United States v. Sumner*, 325 F.3d 884, 890 (7th Cir. 2003); *United States v. Hughey*, 147 F.3d 423, 437–38 (5th Cir. 1998).

Next counsel asks whether Poole could argue that the district court erred by imposing the sentence consecutively with the sentence that Poole was already serving for his bank robbery convictions. The district court had broad discretion to choose between concurrent and consecutive sentences in arriving at an appropriate punishment. 18 U.S.C. § 3584; U.S.S.G. § 5G1.3(c). Moreover, in reaching its decision the district court properly considered Poole's extensive criminal history and resistance to rehabilitation, the length of his existing sentence, and the need for deterrence and punishment. 18 U.S.C. § 3553(a); U.S.S.G. § 5G1.3(c) Application Note 3. We agree with counsel that any challenge to this portion of the sentence as an abuse of discretion would be frivolous. *See United States v. Johnson*, 324 F.3d

875, 878 (7th Cir. 2003); *United States v. Dvorak*, 115 F.3d 1339, 1344 (7th Cir. 1997).

Finally, counsel considers whether Poole could argue that his sentence was unreasonable. *See United States v. Booker*, 543 U.S. 220, 260–61 (2005). But a sentence within the guideline range—remember, Poole's statutory maximum sentence *is* his guidelines sentence—is presumptively reasonable, *United States v. Mykytiuk*, 415 F.3d 606 (7th Cir. 2005), and Poole's decision not to reply to counsel's motion to withdraw means that he has not shown us why that presumption should be rebutted. We do not see any such reason in our own review.

Counsel's motion to withdraw is GRANTED and the appeal is DISMISSED.